IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GV ART AND DESIGN, LLC, | Case No. |
| *Plaintiff*, | |
| v. | Judge |
| TEAM BEANS, L.L.C., D/B/A FOREVER COLLECTIBLES, | **COMPLAINT** |
| *Defendant*. | JURY TRIAL DEMAND |

Plaintiff GV Art and Design, LLC ("GV Art"), by and through its attorneys, for its complaint against defendant Team Beans, L.L.C. d/b/a Forever Collectibles ("FOCO"), states as follows:

## NATURE OF THE ACTION

1.     Started by brothers George Vlosich III and Greg Vlosich, and their father, George Vlosich, Jr., GV Art is a creative boutique specializing in original artwork, design, and apparel. George III, Greg, and George Jr.'s combined creativity and background in art, design, and advertising give GV Art versatility and the ability to create campaigns that are fresh, unique, and on-trend.

2.     FOCO is a manufacturer of sports and entertainment merchandise and directly competes against GV Art in the design and sale of sports and entertainment related products.

3.     This action stems from FOCO's intentional and unlawful misappropriation of GV Art's designs appearing on T-shirts marketed and sold by FOCO. Over the past several years, FOCO has repeatedly copied GV Art's original designs, marketed them as its own, and profited from this unlawful misappropriation.

4.     After discovering FOCO's unauthorized copying and use of its designs, GV Art contacted FOCO and instructed that FOCO cease and desist from the unauthorized copying and use of GV Art's designs. GV Art specifically identified the designs that FOCO intentionally copied and notified FOCO that its actions constituted Trade Dress Infringement under the Lanham Act, 15 U.S.C. § 1125(a)(1); Unfair Competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and, violations of the Ohio Deceptive Trade Practices Act (ODTPA), R.C. 4165.02— among other claims.

5.     GV Art directed FOCO to cease and desist from any further use, distribution, display, or sale of GV Art's proprietary designs in any form, including the removal of all infringing materials from FOCO's website available for sale, online marketplaces, promotional materials, and physical inventory. GV Art warned FOCO that failure to cease and desist as instructed would result in GV Art's pursuit of all available legal remedies including litigation.

6.     Initially, FOCO agreed to remove some of the infringing designs from its website. However, FOCO failed to remove the infringing materials from FOCO's website available for sale, online marketplaces, promotional materials, and physical inventory.

7.     In a further attempt to resolve the issue outside of litigation, on October 29, 2025, GV Art again contacted FOCO and demanded a monetary settlement amount to make GV Art whole following FOCO's infringing conduct. GV Art requested a response by November 5, 2025. In response, FOCO stated that there had been the death of an immediate family member of its lead outside counsel and that FOCO would need time to consider the proposal. As a professional courtesy in light of the reported death of an immediate family member, GV Art agreed to a brief extension to respond to its demand.

8.      But instead of responding to GV Art's request for settlement negotiations, on November 6, 2025, using the additional time granted to it by GV Art as a result of the reported death of a family member, FOCO, in bad faith, filed an anticipatory action for declaratory judgment in the Northern District of New Jersey.

9.      Accordingly, GV Art brings this action against FOCO for Trade Dress Infringement under the Lanham Act, 15 U.S.C. § 1125(a)(1); Unfair Competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); False Designation of Origin under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(a); Deceptive Practices under the Ohio Deceptive Trade Practices Act (ODTPA), Ohio Rev. Code § 4165.01, et seq.; Trade Dress Infringement under Ohio Common Law; and, Unfair Competition under Ohio Common Law.

## THE PARTIES

10.      Plaintiff GV Art is an Ohio limited liability company with its principal place of business in Lakewood, Ohio.

11.      Defendant FOCO is a Delaware limited liability company with its principal place of business at 444 Hoes Lane, Building 6, Box 25, Piscataway, New Jersey 08854.

## JURISDICTION AND VENUE

12.      This is an action for trade dress infringement, unfair competition and false designation of origin pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), therefore, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1338 because each of these claims presents a Federal question.

13.     This Court has supplemental jurisdiction over GV Art's state law claims pursuant to 28 U.S.C. § 1367 because they form part of the same case or controversy.

14.     This Court has personal jurisdiction over FOCO under Ohio's Long Arm Statute, Ohio Rev. Code § 2703.382, because FOCO, directly and through agents, transacts business in Ohio; because it derives substantial revenue from its sale of merchandise to consumers in Ohio; because it has an interactive website—through which it advertises, promotes, offers, and sells apparel, accessories, and artwork some of which bear its alleged "trade dress" at issue in this dispute—that allows consumers in Ohio to purchase FOCO's merchandise directly from FOCO that it delivers to consumers in Ohio; because FOCO's infringement of GV Art's trade dress, whether such infringement took place in Ohio or elsewhere in the United States, has caused and is causing damage to GV Art in Ohio; and because GV Art's claims for relief against FOCO arise out of activities that are related to FOCO's marketing and sale of infringing products in Ohio.

15.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c), because the Court has personal jurisdiction over FOCO.

16.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action, including FOCO's marketing and sale of the infringing products occurred in this district.

## FACTUAL BACKGROUND

## GV Art

17.     GV Art is a family run, boutique sports and entertainment apparel company started in 2007.

18.     Led by its founding artists, George Jr., George III and Greg, GV Art creates artwork for private commissions, athletes, sports teams, and companies.[1] GV Art prints and originals have become collectibles for people across the country.

19.     GV Art is known for creating *unique*, *original*, and artistic-sports-themed clothing.[2] GV Art's designs are original and often include hand-drawn artwork by George III, Greg, and George Jr. Their creativity has given them the opportunity to work with some of the biggest names in sports, entertainment, and pop culture. Their work has made headlines in both local and national media. From SportsCenter, TNT, MLB Network and Jimmy Kimmel, to the front pages of Yahoo, ESPN, NBA.com, and Sports Illustrated, their artwork has captured the world's attention. GV Art's artwork, designs, and apparel are sought after by some of the largest companies in the world.

20.     GV Art artists, George Jr., George III, and Greg, design paintings, logos, creative campaigns, and T-shirt designs, which separate them from the competition to help launch and grow brands. For GV Art, T-shirts are a canvas for them to showcase their artwork and creativity. It's not just a T-shirt; it becomes a whole campaign.[3]

21.     GV Art now has designs depicting, but not limited to, the following cities: Buffalo, Chicago, Cincinnati, Cleveland, Columbus, Denver, Detroit, Green Bay, and Philadelphia.[4]

22.     GV Art has grown to include multiple retail locations and has a particularly strong online presence.

---

[1] https://gvartwork.com/pages/gv-artwork
[2] https://gvartwork.com/pages/about
[3] https://gvartwork.com/pages/gv-artwork
[4] https://gvartwork.com/collections/t-shirts

23.     In Ohio, GV Art currently has three physical, brick and mortar retail studios—Lakewood, Willoughby, and Avon. It is a loyal brand and often collaborates with professional athletes to offer one-of-a-kind designs.

24.     The retail spaces are not simply "sports stores;" they are creative, boutique studios and art galleries. The locations showcase GV Art's world-famous artwork, designs, and include nostalgia and memorabilia.[5]

## FOCO

25.     FOCO markets itself as specializing in the design and manufacture of officially licensed sports and entertainment merchandise.

26.     FOCO offers a wider selection of items as compared to GV Art.

27.     FOCO prides itself in providing fans with access to a volume of team-branded products to fill out their collections.

28.     FOCO caters to the masses and is able to bully its competitors given its resources and ability to cover all sports and all teams.

29.     FOCO brands itself as bringing "new and exciting designs, ideas, and manufacturing techniques to categories in need of innovation."

30.     FOCO's public claims of originality are false.

31.     FOCO maintains a team of "graphic designers" whom it instructs to copy from various well known apparel companies, including, but not limited to GV Art.

32.     FOCO sells their copied products to customers through its website.[6]

33.     FOCO sells their copied products through vendors.

---

[5] https://gvartwork.com/pages/retail-studio
[6] https://www.foco.com/

34.     FOCO does not identify GV Art, or the other designers, as the source of the designs.

### FOCO's Attempt to Acquire GV Art

35.     In 2020, FOCO and GV Art discussed the potential of FOCO acquiring GV Art. In December 2020, a Confidentiality and Nondisclosure Agreement ("NDA") was signed between both parties in anticipation of a potential buyout. Pursuant to the NDA, certain proprietary information was to be disclosed during negotiations, with the understanding that such information would not thereafter be disclosed to a third party.

36.     As a follow up, in January 2021, FOCO representatives contacted GV Art to obtain additional information to move forward with the acquisition. The requested information included, but was not limited to, an organizational chart, finances/accounting, retail locations, sales, inventory, and design/manufacturing.

37.     Once GV Art provided certain information to FOCO, FOCO responded with an extremely unreasonable and unfavorable proposal. GV Art promptly countered, and FOCO then determined that acquiring GV Art would be too expensive.

38.     Rather than continue negotiations and attempt to make a deal in good faith, FOCO decided it would be easier for it to steal GV Art's designs than to partner with them.

### The Intentional Conduct

39.     Alex Lewis (hereinafter, "Lewis) is the Chief Executive Officer at FOCO.

40.     By at least January 2025, Lewis began prioritizing an internal push to grow FOCO's T-shirt line. The strategy behind the T-shirts differed from other merchandise, which typically just feature basic logo placements.

41.     FOCO's infringement is not accidental, and the copying is not isolated.

42.     FOCO directed its employees to steal designs from other companies.

43.     FOCO directed its employees to replicate designs created by other companies.

44.     Employees at FOCO were specifically directed to copy GV Art's designs and artwork by individuals in authoritative positions.

45.     Employees directly copied designs from GV Art and other designers.

46.     FOCO employees were directed and encouraged to copy designs from outside designers "line by line, and color by color," with Lewis even encouraging adjustments to the copied designs so that they would match more closely to the original design.

47.     FOCO maintained a shared company folder containing screenshots from GV Art, which FOCO used to create league-wide versions of GV Art's original designs.

48.     When employees raised concerns about copying the designs, employees were told that the practice was approved by Lewis and justified by false and misleading claims that GV Art was a "former employee" and had declined a buyout offer.

49.     GV Art has never been an employee of FOCO.

50.     FOCO ended the acquisition negotiations when it realized that GV Art would be too expensive to acquire. Instead of purchasing the company, FOCO started stealing GV Art's designs.

51.     Lewis expressed his goal of modeling FOCO's T-shirt department after GV Art, stating he wanted to "be GV Art" within five years.

52.     One known internal communication exhibited Lewis's disregard for intellectual property rights. In response to concerns among FOCO employees, Lewis attempted to justify these practices by referencing alleged approval from GV Art and falsely claiming that GV Art was a "former employee."

53.     On multiple occasions, Lewis expressed a desire for FOCO's designs to more closely infringe GV Art's works.

54.     FOCO has engaged in a pattern and practice of such alleged conduct. FOCO maintains an internal spreadsheet identifying some of the competitor designs that it directly copies—vidence of a broader, intentional scheme of infringement and misappropriation. Companies identified on FOCO's internal spreadsheet include, but are not limited to "Glory Days Apparel," "Houndstooth Clothing," "Peace Collectible," "Chowda Heads," "Abercrombie," "Homage," "Violent Gentlemen," Charlie Hustle," "Oxford Pennant," and "BreakingT."

55.     FOCO's T-shirt graphic designers were encouraged to browse competitor websites for "inspiration"—a term clearly used as a pretext for direct copying. When FOCO employees questioned these directives, they were told to "shut the fuck up," further underscoring FOCO's deliberate culture around stealing other companies' designs.

56.     When employees raised concerns with copying designs from GV Art, FOCO decision makers routinely dismissed the concerns with comments such as "They are GV Art, not Under Armor or Nike," indicating that FOCO felt that because GV Art is a boutique gallery, FOCO could simply take GV Art's designs without repercussions or concerns.

## Known Infringements

57.     Over the past several years, FOCO has repeatedly copied GV Art's original designs, marketed them as its own, and profited from this unlawful misappropriation.

58.     GV Art is currently aware of at least four entire collections of designs that have been directly copied by FOCO and are available for sale: FOCO's Nation T-Shirt collection, FOCO's Circle Vintage T-Shirt collection, FOCO's Triangle Vintage T-Shirt collection, and FOCO's Retro Logo Mascot T-Shirt collection.

59.     The following images represent four GV Art design collections that have been misappropriated by FOCO.

A.     Nation T-Shirts:

| GV Art's Buckeye Nation T-Shirt | v. | FOCO's Infringing Nation T-Shirt Collection |
| --- | --- | --- |













. . . and many more.

11

i.   GV Art's original design features the phrase "Buckeye Nation" in large block lettering forming an outline of the United States. FOCO's copied design uses the same large block lettering forming an outline of the United States, merely substituting the team's name.

ii.  In GV Art's original design, the United States image incorporates the Ohio State Buckeyes team logos and colors. FOCO's copied design uses the same internal design, merely substituting the team's name.

iii. GV Art's original design features Ohio State's moniker "Scarlet and Gray" in stylized letters below the block "Nation." FOCO's copied design uses the same placement and stylized letters, merely substituting the moniker.

iv.  GV Art's original design features Ohio State's logo at the bottom right of the design. FOCO's copied design uses the same placement for the logo, merely substituting the team.

v.   GV Art's original design features GV Art's signature – its stylized "GV" and "GV ART + DESIGN" at the bottom of the design.  FOCO's copied design does not include GV Art's signature.

vi.  GV Art did not authorize FOCO to copy or use its original design in any manner.

B.    Circle Vintage T-Shirts:

| GV Art's Circle Vintage T-Shirt | v. | FOCO's Infringing Circle Vintage T-Shirt Collection |











. . . and many more.

i.  In GV Art's original design, GV Art incorporated the name of the school—here University of Michigan—and the school's team name—here, the Wolverines—into the shape of a circle around the school's logo "M". The lettering of both the school and the team's name were in

uppercase block lettering, but the fill and outline of the lettering was reversed between the school's name and the team's name. FOCO's copied design uses the same lettering shape and style surrounding the team logo, merely substituting the team's name.

ii.    In GV Art's original design, GV Art included "Est. 1817" beneath the school's logo inside the circle created by the block letters. FOCO's copied design uses the same lettering phrase and placement, merely substituting the respective school's established date.

iii.    FOCO even copied GV Art's selection of heather grey T-shirt as the canvas for its circle vintage T-shirt.

iv.    GV Art's original design features GV Art's signature—its stylized "GV" and "GV ART + DESIGN" at the bottom of the design. FOCO's copied design does not include GV Art's signature.

v.    GV Art did not authorize FOCO to copy or use its original design in any manner.

C.    Triangle Vintage T-Shirts:

| GV Art's Triangle Vintage T-Shirt | v. | FOCO's Infringing Triangle Vintage T-Shirt Collection |











. . . and many more.

    i.    In GV Art's original design, GV Art incorporated the team's name in bold, gradient lettering in orange, above a large triangle motif containing an orange football helmet. FOCO's copied design uses the same lettering shape and style surrounding above the same layout for its

triangle motif containing the team helmet, merely substituting the team's name and colors.

 ii. In GV Art's original design, GV Art includes retro-style stripes or accent shapes crossing the design horizontally. FOCO's copied design uses the same stripes and placement, merely substituting the respective team's colors.

 iii. FOCO even copied GV Art's selection of a stark-white T-shirt as the canvas for its triangle vintage T-shirt.

 iv. GV Art's original design features GV Art's signature—its stylized "GV" and "GV ART + DESIGN" at the bottom of the design. FOCO's copied design does not include GV Art's signature.

 v. GV Art did not authorize FOCO to copy or use its original design in any manner.

D.    Retro Logo Mascot T-Shirt collection :

| GV Art's Retro Logo Mascot T-Shirt | v. | FOCO's Infringing Retro Logo Mascot T-Shirt Collection |











. . .and many more.

      i.     In GV Art's original design, GV Art incorporated the school's name in large block lettering with team name in script below it. FOCO's copied design uses the same lettering shape and style surrounding the team logo, merely substituting the team's name.

20

ii.  In GV Art's original design, GV Art featured Ohio State's team mascot center-right and team logo center-left; GV Art's original design features Ohio State's school colors in triple lines on bottom third of the image. FOCO's copied design uses the same lettering phrase and placement, merely substituting the respective school's mascot, logo, and colors.

iii.  GV Art's original design includes additional decorative elements such as stylized team nickname and "The Buckeye State" licensed team patterns, phrases, or graphic accents. FOCO's copied design uses the same lettering phrase and placement, merely substituting the respective school's mascot, logo, and colors.

iv.  FOCO even copied GV Art's selection of an off-white T-shirt as the canvas for its retro Buckeye T-shirt.

v.  GV Art's original design features GV Art's signature—its stylized "GV" and "GV ART + DESIGN" at the bottom of the design. FOCO's copied design does not include GV Art's signature.

vi.  GV Art did not authorize FOCO to copy or use its original design in any manner.

60.  FOCO's production and sale of these infringing designs occurred after GV Art's original works were completed and publicly posted.

61.  FOCO's behavior has become routine. GV Art creates a design, publishes it to its website, and shortly thereafter, FOCO releases a near-identical version substituting the team/city/colors.

62.     GV Art has restricted its website publication of new designs out of a reasonable belief that FOCO will continue to copy GV Art's designs for FOCO's own profit.

## FIRST CAUSE OF ACTION

### Trade Dress Infringement under Section 43(a) of the Lanham Act
### (15 U.S.C. § 1125(a)(1)(A))

63.     Plaintiff GV Art repeats and realleges the allegations contained above as if fully set forth herein.

64.     Each graphic arrangement at issue was designed exclusively by GV Art.

65.     FOCO graphic designers were instructed by executive decision makers to copy GV Art's artistic T-shirt designs. Following the instructions of FOCO, employees copied GV Art's T-shirt art, and FOCO passed the designs off to consumers and vendors as FOCO designs.

66.     GV Art's trade dress is non-functional.

67.     The visual design elements of GV Art's trade dress are inherently distinctive, and thus protectable under federal trademark law.

68.     GV Art designs extend beyond commonplace design elements (such as slogan apparel, circular logo layouts, geometric vintage styling, and vintage mascot artwork). FOCO actively, intentionally, and willfully copied placement, lettering, styles, and the design to look like it was offering GV Art's artistic designs as its own.

69.     Because of the similarity between FOCO's trade dress and GV Art's trade dress, customers are likely to be confused as to the respective origin of the FOCO and the GV Art T-shirts.

70.     Through its use in commerce of trade dress mimicking GV Art's trade dress, FOCO is knowingly and intentionally misrepresenting and falsely designating to the general public the affiliation, connection, or association of FOCO with GV Art, or the origin, sponsorship, or approval of FOCO by GV Art.

71.     FOCO's use in commerce of trade dress mimicking GV Art's trade dress is likely to cause confusion of or mistake by the general public, or to deceive the general public as to the affiliation, connection, or association of FOCO with GV Art, or the origin, sponsorship, or approval of FOCO by GV Art.

72.     As a direct and proximate result of FOCO's aforesaid acts, GV Art has been damaged and has suffered and will continue to suffer immediate and irreparable injury for which it has no adequate remedy at law.

73.     In utilizing trade dress that is confusingly similar to GV Art's trade dress, FOCO has acted intentionally, willfully, and deliberately.

74.     In directing its employees to copy GV Art's T-shirt designs, FOCO profited from GV Art's trade dress. FOCO's actions were willful, malicious, and performed in bad faith.

## SECOND CAUSE OF ACTION

### Unfair Competition under Section 43(a) of the Lanham Act
### (15 U.S.C. § 1125(a)(1)(A))

75.     Plaintiff GV Art repeats and realleges the allegations contained above as if fully set forth herein.

76.     FOCO's use of trade dress that is confusingly similar to GV Art's trade dress (as described herein) constitutes unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1) in that FOCO has caused a likelihood of confusion or misunderstanding as to the

source, sponsorship, approval or certification of FOCO, or caused a likelihood of confusion or misunderstanding as to its affiliation, connection, association with, or certification by GV Art.

77.     In doing so, FOCO has acted intentionally, willfully, and deliberately.

78.     In directing its employees to copy GV Art's T-shirt designs, FOCO profited from GV Art's trade dress. FOCO's actions were willful, malicious, and performed in bad faith.

79.     As a direct and proximate result of FOCO's aforesaid acts, GV Art has been damaged and has suffered and will continue to suffer immediate and irreparable injury for which it has no adequate remedy at law.

## THIRD CAUSE OF ACTION

### False Designation of Origin under Section 43(c) of the Lanham Act
### (15 U.S.C. § 1125(a))

80.     Plaintiff GV Art repeats and realleges the allegations contained above as if fully set forth herein.

81.     FOCO's use of trade dress that is confusingly similar to GV Art's trade dress (as described herein) constitutes false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) in that FOCO has caused a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of FOCO, or caused a likelihood of confusion or misunderstanding as to its affiliation, connection, association with, or certification by GV Art.

82.     In doing so, FOCO has acted intentionally, willfully, and deliberately. In directing its employ its employees to copy GV Art's T-shirt designs, FOCO profited from GV Art's trade dress. FOCO's actions were willful, malicious and performed in bad faith.

83.     As a direct and proximate result of FOCO's aforesaid acts, GV Art has been damaged and has suffered and will continue to suffer immediate and irreparable injury for which it has no adequate remedy at law.

## FOURTH CAUSE OF ACTION

### Deceptive Practices under the Ohio Deceptive Trade Practices Act
### (Ohio Rev. Code § 4165.01 *et seq.*)

84.     Plaintiff GV Art repeats and realleges the allegations contained above as if fully set forth herein.

85.     FOCO's use of trade dress that is confusingly similar to GV Art's trade dress (as described herein) constitutes deceptive practices under Ohio Rev. Code § 4165.02 in that FOCO has caused a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of FOCO, or caused a likelihood of confusion or misunderstanding as to its affiliation, connection, association with, or certification by GV Art.

86.     In doing so, FOCO has acted intentionally, willfully, and deliberately.

87.     In directing its employees to copy GV Art's T-shirt designs, FOCO profited from GV Art's trade dress. FOCO's actions were willful, malicious, and performed in bad faith.

88.     As a direct and proximate result of FOCO's aforesaid acts, GV Art has been damaged and has suffered and will continue to suffer immediate and irreparable injury for which it has no adequate remedy at law.

## FIFTH CAUSE OF ACTION

### Trade Dress Infringement under Ohio Common Law

89.     Plaintiff GV Art repeats and realleges the allegations contained above as if fully set forth herein.

90.     FOCO's use of trade dress that is confusingly similar to GV Art's trade dress (as described herein) constitutes trade dress infringement under the common law of the state of Ohio.

91.     In doing so, FOCO has acted intentionally, willfully, and deliberately.

92.     In directing its employees to copy GV Art's T-shirt designs, FOCO profited from GV Art's trade dress. FOCO's actions were willful, malicious, and performed in bad faith.

93.     As a direct and proximate result of FOCO's aforesaid acts, GV Art has been damaged and has suffered and will continue to suffer immediate and irreparable injury for which it has no adequate remedy at law.

## SIXTH CAUSE OF ACTION

### Unfair Competition under Ohio Common Law

94.     Plaintiff GV Art repeats and realleges the allegations contained above as if fully set forth herein.

95.     FOCO's use of trade dress that is confusingly similar to GV Art's trade dress (as described herein) constitutes unfair competition under the common law of the state of Ohio in that FOCO has misappropriated and unfairly competed with GV Art's commercial business and will continue to do so.

96.     In doing so, FOCO has acted intentionally, willfully, and deliberately.

97.     In directing its employees to copy GV Art's T-shirt designs, FOCO profited from GV Art's trade dress. FOCO's actions were willful, malicious, and performed in bad faith.

98.     As a direct and proximate result of FOCO's aforesaid acts, GV Art has been damaged and has suffered and will continue to suffer immediate and irreparable injury for which it has no adequate remedy at law.

### JURY TRIAL DEMAND

Plaintiff GV Art hereby requests a trial by jury on all claims so triable.

### PRAYER FOR RELIEF

WHEREFORE, GV Art respectfully requests judgment against FOCO as follows:

A.     That FOCO's use of its trade dress that is confusingly similar to GV Art's trade dress constitutes trade dress infringement under 15 U.S.C. § 1125 and Ohio law, false designation of origin under 15 U.S.C. § 1125(a), unfair competition under 15 U.S.C. § 1125(a) and Ohio law, and deceptive trade practices under Ohio law;

B.     That FOCO's trade dress infringement was willful;

C.     For a temporary and permanent injunction prohibiting FOCO from advertising, promoting, offering for sale, or selling its Nation T-Shirt collection, Circle Vintage T-Shirt collection, Triangle Vintage T-Shirt collection, and Retro Logo Mascot T-Shirt collection, and any other similarly infringing collections and designs, until FOCO ceases to use any feature of GV's trade dress;

D.     That FOCO be ordered to destroy all merchandise, in the custody or under the control of FOCO bearing confusingly similar trade dress to GV Art's trade dress;

E.     That FOCO be ordered to notify all employees, customers, vendors, salespeople, and authorized agents of this Judgment;

F.     That FOCO be ordered to recall from all vendors all merchandise bearing confusingly similar trade dress to GV Art's trade dress;

G.      That FOCO be directed to provide a complete accounting to GV Art for any and all profits realized from the sale of merchandise products bearing designs originated by GV Art from inception up through the date of judgment;

H.      That GV Art be awarded its actual compensatory damages, including but not limited to, FOCO's profits and GV Art's damages, in an amount to be determined at trial;

I.      That GV Art be awarded all damages necessary to be fully compensated for the harm caused by FOCO's wrongful entry into the marketplace utilizing GV Art's designs, including but not limited to:

        i.      The economic value of GV Art's years of investment in developing, marketing, and establishing each of the designs that were intentionally copied by FOCO;

        ii.      The diminished market position caused by FOCO's intentional theft of GV Art's designs; and

        iii.      All consequential, enhanced, corrective, or other damages necessary to restore GV Art into the position it would have occupied absent FOCO's misconduct.

J.      Awarding GV Art treble damages;

K.      For disgorgement of all pre-and post-filing profits obtained by FOCO through the promotion and/or sale of its infringing merchandise;

L.      Awarding GV Art its attorneys' fees in this matter;

M.      Awarding GV Art all damages available under Ohio law;

N.   For prejudgment and post-judgment interest; and

O.   For such other relief as the Court deems just and proper.

Respectfully submitted,

Date:  November 19, 2025            /s/ Christos N. Georgalis
                                   Christos N. Georgalis (OH 0079433)
                                   Christopher J. Joyce (OH 0086576)
                                   **FLANNERY | GEORGALIS, LLC**
                                   1621 Euclid Avenue, Floor 20
                                   Cleveland, Ohio 44115
                                   (216) 466-0169 (Chris Georgalis)
                                   (216) 466-0416 (Chris Joyce)
                                   chris@flannerygeorgalis.com
                                   cjoyce@flannerygeorgalis.com

                                   *Counsel for Plaintiff*